T.C. Summary Opinion 2015-39

UNITED STATES TAX COURT

MYRIAM L. CADET, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9234-14S.                              Filed July 6, 2015.

Myriam L. Cadet, pro se.

Sean P. Deneault, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code, as amended and in effect for 2012, and Rule references are to the Tax Court
(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $5,241 in petitioner's Federal income tax for 2012. Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioner resided in Florida.

The sole issue for decision is whether petitioner had "earned income" in the amount she reported for the taxable year 2012, entitling her to an earned income credit and an additional child tax credit under sections 32(a) and 24(d), respectively.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

Petitioner is married to Valvesien Lubin, and together they have three minor children. In 2009 petitioner and the children moved to the United States from Haiti. Petitioner testified that although Mr. Lubin resides in Haiti, he transfers funds to her monthly to support the family.

[1](...continued) Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

Petitioner testified that in 2012 she sold used clothing at a flea market. Specifically, she testified that she purchased new clothing for her children and she later sold the clothes when her children outgrew them. Petitioner testified that all of her transactions were in cash. She did not maintain any written records related to her purchases or sales of clothing. The record includes one receipt indicating that petitioner paid $689 for a "Booth Rental".

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2012, claiming head of household filing status and personal and dependent exemption deductions for herself and her three children. Petitioner reported wages of $925 and net business income of $17,190. The latter amount originated on Schedule C-EZ, Net Profit From Business, attached to petitioner's return, in which she reported gross receipts of $21,765 and business expenses of $4,575 attributed to sales of clothing. Although petitioner reported self-employment tax of $2,111, she claimed a $14 credit for taxes withheld on wages and earned income and additional child tax credits of $5,891 and $2,085, respectively, which culminated in her claim for a refund on an overpayment of $5,879.

Respondent issued a notice of deficiency to petitioner determining that she failed to substantiate that she earned net business income of $17,190.[2] Respondent determined that she had earned income of only $1,565, comprising $925 of wages and $640 representing petitioner's net income from self-employment less the deductible portion of self-employment tax. Consistent with these adjustments, respondent disallowed the entire additional child tax credit and all but $709 of the earned income credit that petitioner had claimed for 2012, reducing her overpayment to $638.[3]

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed. Deputy v. du Pont, 308 U.S. 488, 493 (1940).

---

[2]Respondent "froze" (i.e., declined to process) petitioner's claimed refund.

[3]See sec. 6211(b)(4) (prescribing the Court's jurisdiction in this setting).

Petitioner does not contend that the burden of proof should shift to respondent pursuant to section 7491(a). In any event, there is no support in the record for shifting the burden of proof in accordance with that provision.

Section 32(a)(1) allows an eligible individual an earned income credit (EIC) against his or her income tax. The EIC is computed as a percentage of the taxpayer's "earned income". Id. The term "earned income" is defined in section 32(c)(2)(A) and includes wages and net earnings from self-employment. For taxable years beginning after 2008 and before 2018, the credit percentage in the case of a taxpayer with three or more qualifying children is 45%. Sec. 32(b)(3)(A).

Section 24(a) provides that a taxpayer is allowed a credit against his or her income tax for the taxable year with respect to each qualifying child of the taxpayer for which the taxpayer is allowed a dependency exemption deduction under section 151. The child tax credit normally cannot exceed the sum of the taxpayer's regular tax liability and the alternative minimum tax. See sec. 26(a). Section 24(d) provides that a portion of the child tax credit, commonly referred to as the additional child tax credit, is refundable and is computed (as relevant here) under paragraph (1)(B)(i) as the amount equal to "15 percent of so much of the

taxpayer's earned income (within the meaning of section 32) which is taken into account in computing taxable income for the taxable year as exceeds $10,000".[4]

A taxpayer claiming an EIC must establish that he or she had earned income and the amount of that income. See, e.g., Blore v. Commissioner, T.C. Memo. 2000-326. On this record, we agree with respondent that petitioner failed to substantiate that she earned net business income of $17,190 in 2012.

Although we believe that petitioner sold some used clothing at a flea market in 2012, she did not maintain any written records related to the purchase or sale of the clothing. In short, there is no evidence in the record that would begin to corroborate petitioner's testimony that she received gross receipts of $21,765 and had business expenses of $4,575 related to her flea market activity.

On this record, we sustain respondent's determination that petitioner's earned income in 2012 did not exceed $1,565. It follows that respondent correctly determined that petitioner was not entitled to an additional child tax credit and that she was entitled to an EIC of only $709.[5]

_____

[4]Sec. 24(d)(4) provides: "In the case of any taxable year beginning after 2008 and before 2018, paragraph (1)(B)(i) shall be applied by substituting '$3,000' for '$10,000'."

[5]Although petitioner testified that she was married to Mr. Lubin during the year in issue, we assume, consistent with the determinations that respondent made
(continued...)

To reflect the foregoing,

Decision will be entered

for respondent.

---

[5](...continued)
in the notice of deficiency, that petitioner was not considered to be "married", see secs. 32(d) and 7703, and was not obliged to file a joint return.